UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE DAVID TIMOTHY JOHNSON, | : | Bankruptcy No. 06-15876 (KCF) |
| Debtor. | : | |
| | : | |
| DAVID TIMOTHY JOHNSON, | : | CIVIL ACTION NO. 06-5901 (MLC) |
| Appellant, | : | **MEMORANDUM OPINION** |
| v. | : | |
| WELLS FARGO BANK, N.A., | : | |
| Appellee. | : | |

**IT APPEARING** that these dates and events are relevant here:

• **September 14, 2006:** the United States Bankruptcy Court issues an order granting the appellee's motion to (1) vacate the automatic stay, (2) pursue its rights in certain "mortgaged premises," and (3) bar the automatic imposition of a stay as to the mortgaged premises if the appellant — David Timothy Johnson — makes any "future filings" ("9-14-06 Order") (dkt. entry no. 1-3);

• **September 21, 2006:** Johnson moves in Bankruptcy Court "to rescind, vacate, reconsider, or set aside" the 9-14-06 Order, and thus moves, in effect, under (1) Federal Rule of Bankruptcy Procedure ("Rule") 9023(e) to alter or amend the 9-14-06 Order, and (2) Rule 9024(b) for relief from that order ("9023/9024 Motion") (Bankr. No. 06-15876 (KCF), dkt. entry no. 29), see Dimeff v. Good (In re Good), 281 B.R. 689, 698 (B.A.P. 10th Cir.

2002) (construing "motion for reconsideration" as motion under Rules 9023 and 9024);

- **November 2, 2006:** Johnson — despite the pending 9023/9024 Motion — (1) files a notice of appeal from the 9-14-06 Order ("Notice of Appeal"), and (2) separately moves in Bankruptcy Court for an "emergency stay" of the 9-14-06 Order ("Bankruptcy Court Stay Motion") (Bankr. No. 06-15876 (KCF), dkt. entry nos. 35-36);

- **November 3, 2006:** Bankruptcy Court issues an order denying the 9023/9024 Motion ("11-3-06 Order") (id., dkt. entry no. 34);

- **November 6, 2006:** Johnson files a motion for an "emergency stay . . . pending appeal" of the 9-14-06 Order in this Court ("District Court Stay Motion"), which is assigned its own docket number (Civil Action No. 06-5313 (MLC), dkt. entry no. 1);[1]

- **November 27, 2006:** Bankruptcy Court issues an order denying the Bankruptcy Court Stay Motion ("11-27-06 Order") (Bankr. No. 06-15876 (KCF), dkt. entry no. 43);

- **December 7, 2006:** Bankruptcy Court certifies that Johnson has failed to file a designation of record for the appeal ("Certification of Failure") from the 9-14-06 Order (id., dkt. entry no. 45);

---

[1]  This Court will resolve the District Court Stay Motion in a separate order entered under Civil Action No. 06-5313 (MLC).

● **December 11, 2006:** Bankruptcy Court transmits the Notice of Appeal and Certification of Failure to this Court; and

**AN APPELLANT** generally being required to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" ("Designation") within 10 days after filing a notice of appeal, Fed.R.Bankr.P. 8006; but

**IT APPEARING** that if an appellant also:

> makes a [certain] timely motion . . . , the time for appeal . . . runs from the entry of the order disposing of the last such motion outstanding.  This provision applies to a timely motion: (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment; (2) to alter or amend the judgment under Rule 9023; (3) for a new trial under Rule 9023; or (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.  A notice of appeal filed after announcement or entry of the . . . order, . . . but before disposition of any of the above motions is ineffective to appeal from the . . . order . . . specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.  Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal

Fed.R.Bankr.P. 8002(b); and thus it appearing that:

> a notice of appeal filed before the disposition of a specified postjudgment motion will become effective upon disposition of the motion.  A notice filed . . . after the filing of a [specified] motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court

id., 1994 Advisory Comm. Note (2006); and

3

**IT APPEARING** further that an appellant then must file a Designation "[w]ithin 10 days after [either] filing the notice of appeal as provided by Rule 8001(a), . . . or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later," Fed.R.Bankr.P. 8006, see id., 1991 Advisory Comm. Note (2006) (stating 10-day period for filing Designation (1) suspended if timely postjudgment motion made and notice of appeal suspended under Rule 8002(b), and (2) begins to run when order disposing of postjudgment motion entered); and

**THE 9023/9024 MOTION** suspending the Notice of Appeal, see Fed.R.Civ.P. 8002(b); and neither the Bankruptcy Court Stay Motion nor the District Court Stay Motion suspending the Notice of Appeal (id.);[2] and thus the Notice of Appeal being suspended only until the 9023/9024 Motion was resolved by the 11-3-06 Order, see Moldo v. Ash (In re Thomas), 428 F.3d 1266, 1269 (9th Cir. 2005) (stating notice of appeal from judgment ineffective due to pending motion to amend), Rains v. Flinn (In re Rains), 428 F.3d

---

[2]  Even if this Court were to construe the Bankruptcy Court Stay Motion as a second 9023/9024 Motion, the period to file a Designation would still run from the entry of the 11-3-06 Order. See Snyder v. LaBarge (In re Snyder), 285 B.R. 400, 403 (B.A.P. 8th Cir. 2002) (stating second motion to vacate preserves appeal from order denying first motion to vacate, not review of merits of underlying order), aff'd, 83 Fed.Appx. 847 (8th Cir. 2003).

4

893, 904 n.9 (9th Cir. 2005) (stating notice of appeal from order at issue, "rather than self-destructing when the motion to amend was filed, was simply in abeyance"); and

**JOHNSON** then having until November 13, 2006, to file a Designation in the appeal from the 9-14-06 Order, see Fed.R.Civ.P. 8006, see also id., 1991 Advisory Comm. Note (2006); and Johnson failing to do so, even though the Bankruptcy Court waited until December 7, 2006, to issue the Certification of Failure (Bankr. No. 06-15876 (KCF), dkt. entry no. 45); and

**IT APPEARING** that Johnson, even though he is a pro se appellant, must abide by the Rules, see In re Amer Metrocomm Corp., 196 Fed.Appx. 86, 87-88 (3d Cir. 2006) (stating Third Circuit Court of Appeals has "never held that courts' obligations to liberally interpret pro se pleadings justifies ignoring deadlines for filing an appeal"); and it appearing, in any event, that Johnson is aware of the requirements for prosecuting an appeal, see In re Johnson, 196 Fed.Appx. 112, 113-15 (3d Cir. 2006) (concerning Johnson's appeal from district court order dismissing appeal from Bankruptcy Court order); and it appearing that this Court is authorized to dismiss an appeal for an appellant's failure to file a Designation pursuant to Rule 8006, Fed.R.Bankr.P. 8001(a); and

**THE COURT** thus intending to (1) dismiss the appeal for failure to comply with Rule 8006, and (2) close the action; and for good cause appearing, the Court will issue an appropriate order.[3]


                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

---

[3]  Johnson's time to appeal directly from either the 11-3-06 Order or the 11-27-06 Order has expired.  See Fed.R.Bankr.P. 8002(a) (stating notice of appeal to be filed within 10 days of entry of order); Fed.R.Bankr.P. 8002(c)(2) (stating request to extend time to file notice to be made by written motion filed either (1) before time for filing notice of appeal expires, or (2) no later than 20 days after time for filing said notice expires on showing of excusable neglect); Fed.R.Bankr.P. 9006(a) (stating intermediate Saturdays, Sundays, and legal holidays excluded in time computation only if period at issue is less than eight days); see also Raza v. Biase (In re Rose Color), 198 Fed.Appx. 197, 201 (3d Cir. 2006) (stating Rule 8002(c)(2) "does not allow for claims of excusable neglect after the prescribed deadline for filing a motion to extend the appeals deadline"); In re Allegheny Health, Educ. & Research Found., 181 Fed.Appx. 289, 291 (3d Cir. 2006) (stating district court "[can]not . . . determine[] whether excusable neglect existed in the first instance, because the Bankruptcy Rules specifically provide that a request for extension of time to file a notice of appeal must be made to the Bankruptcy Court").

The time to amend the Notice of Appeal in order to appeal from either the 11-3-06 Order or the 11-27-06 Order also has expired.  See Fed.R.Civ.P. 8002(b) (requiring notice of appeal to be amended "within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion outstanding").